**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00961-REB

LAURA DEFALCO MILLER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed April 12, 2011, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that she is disabled as a result of bipolar disorder and anxiety. After her application for supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on September 9, 2009. At the time of the hearing, plaintiff was 44 years old. She has a high school education with several years of college course work and past relevant work

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

experience as a fast-food cashier. She has not engaged in substantial gainful activity since at least January 28, 2008, the date of her application for supplemental security income benefits.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.[2] The ALJ found that plaintiff had the residual functional capacity to perform semi-skilled, light work with moderate limitations in the ability to maintain concentration and attention for extended periods and moderate limitations in the ability respond appropriately to changes in the work setting. Given these limitations, the ALJ concluded that plaintiff was able to perform her past relevant work. He therefore found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518,

---

[2] Plaintiff's alleged physical impairments of back pain and headaches were found to be non-severe. Plaintiff does not challenge this determination on appeal.

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

The overarching theme of plaintiff's various arguments on appeal is that the ALJ

erred in assessing her residual functional capacity. More specifically, she maintains that the ALJ improperly rejected the opinions of her treating psychiatrist, Dr. Musharraf Nizami, that his residual functional capacity assessment is not supported by substantial evidence, and that he ultimately and improperly imposed his own, non-expert, opinion in place of the medical opinions of record. I disagree and therefore affirm.

Dr. Nizami was plaintiff's treating psychiatrist. He co-signed a residual functional capacity assessment completed by Nicholas Rodriguez, a licensed clinical social worker, who also treated plaintiff.[3] Therein, Mr. Rodriguez and Dr. Nizami opined that plaintiff suffered from "extreme" or "marked" limitations in all 25 areas of mental functioning about which they were queried. (Tr. 210-212.) The ALJ afforded these opinions "little weight." Specifically, he noted that the opinions were inconsistent with Dr. Nizami's treating notes and the course of treatment plaintiff actually received, failed to indicate what objective findings supported the conclusions reached, and were not otherwise supported by "the relatively benign objective findings noted throughout the record." (Tr. 15.)

---

[3] Plaintiff further argues that the ALJ erred in not recognizing that Mr. Rodriguez's report was adopted by Dr. Nizami and therefore failing to acknowledge the consistency of the two opinions. *See* 20 C.F.R. § 416.927(d)(2)(5). The ALJ's opinion belies this assertion. The ALJ identified the report as having been "completed" by Dr. Nizami. (Tr. 15.) He therefore gave the assessment more weight than it might otherwise have received had he acknowledged that it was in fact authored by Mr. Rodriguez, who was not an acceptable medical source. *See Weaver v. Astrue*, 2009 WL 3838280 at *3 (10th Cir. Nov 18, 2009) (source who is not an acceptable medical source cannot be considered a treating source for purposes of affording opinion controlling weight).

5

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." **Social Security Ruling** 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996). *See also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).[4] In either event, a treating source opinion may not be rejected absent good cause for specific, legitimate reasons clearly articulated in the hearing decision. *Watkins*, 350 F.3d at 1301; *Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995); *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ thoroughly reviewed the medical evidence tracing the course of plaintiff's treatment since well prior to her eligibility date. He noted that although plaintiff

---

[4] These factors include:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 416.927(d)(2).

had experience some issues with finding the right medication to control her symptoms without adverse side effects, overall the treatment notes reflected relatively benign findings, with "normal, intact or adequate [] thinking/thought process, thought content, affect/mood, sensorium, memory, insight and judgment."  (Tr. 14.)  The underlying records confirms this assessment.  (*See* Tr. 193-208.)  The ALJ specifically tied his determination to afford Dr. Nizami's opinions little weight to the medical evidence of record.  No more explication was required, and any failure to more specifically consider the factors listed in 20 C.F.R. § 416.927(d)(2) was undoubtedly harmless.  **See Mestas v. Astrue**, 2010 WL 3604395 at *3 (D. Colo. Sept. 7, 2010) (regulations requires ALJ "apply" section 416.927(d)(2) factors, not that they be recited as a litany).  **See also Bernal v. Bowen**, 851 F.2d 297, 303 (10th Cir. 1988) (mere fact of error does not warrant remand if the ALJ's determination is otherwise supported by substantial evidence).

Instead, the ALJ gave more weight to the opinion of the consultative examiner, Laura Sales.[5]  Ms. Sales, a licensed clinical social worker, reported that plaintiff's condition was managed with medications, that "her mood was calm, her affect was appropriate, her thoughts were logical and organized, her behavior was relaxed and calm, her speech was loud and pressed, and her attitude cooperative," and that she was assessed a Global Assessment of Functioning ("GAF") score of 55 (Tr. 14; *see* Tr. 233-235), which  "indicates moderate symptoms . . . or moderate difficulty in social, occupational, or school functioning . . ." American Psychiatric Association, **Diagnostic**

---

[5]  The ALJ specifically rejected the opinion of the state agency psychiatrist, noting that his findings of mild limitations were not supported by the evidence of record.  (Tr. 12.)

7

*and Statistical Manual of Mental Disorders* at 34 (Text Revision 4th ed. 2000) ("***DSM-IV***").[6]

Plaintiff argues, however, that the ALJ was not qualified to translate this GAF score into the moderate limitations incorporated into his determination of her residual functional capacity. There are at least two problems with this argument. First, while an ALJ may reject a medical source opinion "only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion," ***McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002) (citation and internal quotations marks omitted), the GAF score "is not raw medical data. Rather, it allows a mental health professional to turn medical signs and symptoms into a general assessment, understandable by a lay person, of an individual's mental functioning." ***Kornecky v. Commissioner of Social Security***, 2006 WL 305648 at *5 n.7 (6th Cir. Feb. 9, 2006). It therefore was entirely appropriate for the ALJ to correlate a GAF score indicating moderate symptoms into a residual functional capacity assessment imposing moderate restrictions, to the extent that he actually did so. ***See id*** at *14 (noting absence of "any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place").

The second problem with this argument is that the determination of residual functional capacity itself is not a medical opinion at all. **Social Security Ruling** 96-5p, 61 Fed. Reg. 34471-01 at *34472 (SSA July 2, 1996); ***Langley v. Astrue***, 777

---

[6] "The GAF is a subjective determination based on a scale of 100 to 1 of 'the clinician's judgment of the individual's overall level of functioning.'" ***Langley v. Barnhart***, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (quoting ***DSM-IV*** at 32).

F.Supp.2d 1250, 1252 (N.D. Ala. 2011); ***Howard v. Commissioner of Social Security Administration***, 2010 WL 908660 at *9 (N.D. Ohio March 12, 2010). Rather, it is an administrative decision reserved exclusively to the Commissioner. ***See*** 20 C.F.R. §§ 404.1527(d)(2) & 404.1546; ***Rutledge v. Apfel***, 230 F.3d 1172, 1175 (10th Cir. 2000). Although it must be based on some medical evidence, ***see Anderson v. Shalala***, 51 F.3d 777, 779 (8th Cir. 1995), it is ultimately an opinion distilled from "*all* of the relevant evidence in [the] . . . record," 20 C.F.R. § 404.1545(a)(1) (emphasis added), including both "relevant medical *and other evidence*," ***id.*** § 404.1545(a)(3) (emphasis added). ***See also Smith v. Astrue***, 2010 WL 3861846 at *20 (M.D. Ala. Sept. 27, 2010) (residual functional capacity determination "must be based upon all the relevant evidence such as medical signs and clinical findings, effects of treatment, medical source statements, and reports of daily activities") (citation and internal quotation marks omitted).

Accordingly, the ALJ may reject a medical source opinion regarding residual functional capacity if the totality of evidence supports a contrary finding. ***See Smith***, 2010 WL 3861846 at *20. Although the opinion must be based on all the evidence of record, including the available medical evidence, the ALJ need not adopt any particular medical or other source opinion on that matter. ***See Murphy v. Astrue***, 2008 WL 4097465 at *4 (D. Colo. Sept. 3, 2008). ***See also Combs v. Astrue***, 2012 WL 175028 at *2 (E.D. Va. Jan. 20, 2012) (rejecting argument that ALJ cannot make residual functional capacity determination in absence of medical evidence from a treating source); ***Bryge v. Astrue***, 2011 WL 887670 at *6 n.1 (E.D. Tenn. March 14, 2011) (no

error in making determination of residual functional capacity greater than suggested by treating physician but less "optimistic" than assessments of examining sources). Instead, the ALJ is required simply to "consider and address medical source opinions" and, "[i]f the RFC assessment conflicts with an opinion from a medical source, . . . explain why the opinion was not adopted." **Social Security Ruling** 96-8p, 1996 WL 374184 at *7 (SSA July 2, 1996).

The ALJ adequately detailed here why he did not adopt Dr. Nizami's opinion, as well as why he believed the record supported a more moderate limitation on plaintiff's work-related functionality, which in addition to the reasons noted above, included plaintiff's activities of daily living and her own report that her condition was managed by medication and therapy. (Tr. 15.) *See Pacheco v. Sullivan*, 931 F.2d 695, 698 (10th Cir. 1991) (impairment that can be controlled with treatment is not disabling). His determination thus does not admit of reversible error.

Nor did the ALJ commit reversible error in failing to incorporate his step 3 finding that plaintiff had moderate difficulties in social functioning (Tr. 12) into his step 4 determination of residual functional capacity. These two determinations are distinct, *see* **Social Security Ruling** 96-8p, 1996 WL 374184 at *4, and to the extent that one might inform the other, plaintiff has not shown how any such inconsistency affected her substantial rights, *Bernal*, 851 F.2d at 303. *See also Taylor v. Astrue*, 2011 WL 5563373 at *4 (W.D. Wash. Oct. 24, 2011) ("[T]he ALJ was not required to include in his assessment of plaintiff's RFC a moderate limitation in social functioning, merely because such a limitation was found for purposes of step three."), *adopted by* 2011 WL 5549091 (W.D. Wash. Nov. 14, 2011).

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated April 23, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge